# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LAKHRAJ MANOHAR**                                                                                          **PLAINTIFF**

v.                                        Case No. 3:16-cv-00076-KGB

**BAXTER,** *et al.*                                                                                              **DEFENDANTS**

## ORDER

On August 25, 2017, the Court granted plaintiff Lakhraj Manohar's motion for service (Dkt. No. 16). Summons were issued for defendants Lieutenant Baxter, Mr. Ollo, and Mr. Vandergriff. As Mr. Manohar has been granted leave to proceed *in forma pauperis*, the Court ordered that service be made by a United States Marshal (*Id*.). *See* Fed. R. Civ. P. 4(c)(3). All three summons for the defendants were returned executed to the Court on September 13, 2017 (Dkt. Nos. 17, 18, 19). As of the date of the entry of this Order, none of the defendants have filed answers. Currently pending before the Court is Mr. Manohar's motion for default judgment against all defendants (Dkt. No. 21) and motion to expedite (Dkt. No. 22). Because service was not effective on defendants, the Court denies the motion for default judgment without prejudice (Dkt. No. 21) and denies the motion to expedite as moot (Dkt. No. 22).

Per Federal Rule of Civil Procedure 4(e), an individual may be served in any of the following ways: (1) following the state laws for service where the individual is located; (2) delivering a copy of the summons and complaint to the individual personally; (3) by leaving a copy of the summons and complaint at the individual's usual place of abode; or (4) by delivering a copy of the summons and complaint to an authorized agent of the individual. Fed. R. Civ. P. 4(e). The defendants here are all individuals. It appears that an individual named "Rory Pomeraute" received the summons that were issued for defendants (Dkt. Nos. 17, 18, 19). There is no proof that service was personally made on defendants. As the summons were delivered to

St. Bernard's Hospital in Jonesboro, Arkansas, such service was not left at the defendant's "usual place of abode." Furthermore, the "agent" box on the return receipts is unmarked, so the individual that received the summons was not the agent of the defendants (*Id.*). Finally, Arkansas law requires that service by certified mail also be "delivery restricted to the addressee," which did not occur here. Ark. R. Civ. P. 4(d)(8)(A)(i). Therefore, service upon defendants was not effective under the Federal Rules.

It is therefore ordered that:

1. Mr. Manohar's motion for default judgment is denied without prejudice (Dkt. No. 21).

2. Mr. Manohar's motion to expedite is denied as moot (Dkt. No. 22).

3. The U.S. Marshal for the Eastern District of Arkansas is directed to serve the summons and complaint via mail with a return receipt requested and delivery restricted to defendants Lieutenant Baxter, Mr. Ollo, and Mr. Vandergriff.

So ordered this the 25th day of June, 2018.

Kristine G. Baker
United States District Judge