# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LAKHRAJ MANOHAR**                                                                         **PLAINTIFF**

v.                                         Case No. 3:16-cv-00076-KGB

**BAXTER,** *et al.*                                                                        **DEFENDANTS**

## ORDER

Before the Court is plaintiff Lakhraj Manohar's motion for default against defendants Lieutenant Baxter and Vandergriff (Dkt. No. 28). Mr. Manohar argues that more than 21 days have passed since Lieutenant Baxter and Mr. Vandergriff were served, and therefore he requests a default judgment against Lieutenant Baxter and Mr. Vandergriff (*Id.*). For the reasons discussed below, the Court denies Mr. Manohar's motion for default and instead directs the United States Marshal to attempt service upon the named defendants in strict compliance with the terms of this Order. Should the United States Marshal have any questions or concerns about the terms of this Order, the United States Marshal is asked to confer directly with Court staff.

**I.     Background**

On August 25, 2017, the Court granted Mr. Manohar's motion for service (Dkt. No. 16). Summons were issued for defendants Lieutenant Baxter, Mr. Ollo, and Mr. Vandergriff. As Mr. Manohar has been granted leave to proceed *in forma pauperis*, the Court ordered that service be made by a United States Marshal (*Id.*). *See* Fed. R. Civ. P. 4(c)(3). All three summons for the defendants were returned "executed" to the Court on September 13, 2017, according to the Court's docket (Dkt. Nos. 17, 18, 19). Mr. Manohar moved for default judgment against all three defendants because they did not answer within 21 days of being served (Dkt. No. 21). The Court denied this motion because service was not effective on defendants, and the Court ordered the

United States Marshal for the Eastern District of Arkansas to serve the defendants *via certified mail, with a return receipt requested and delivery restricted to defendants* (Dkt. No. 23 (emphasis added)). These summonses were reissued as to the defendants and summons for Lieutenant Baxter and Mr. Vandergriff were returned as "executed" according to the Court's docket (Dkt. Nos. 25, 26). The summons for separate defendant Mr. Ollo was returned "unexecuted" according to the Court's docket (Dkt. No. 27). None of the defendants have filed answers, and Mr. Manohar has now moved for a default judgment against Lieutenant Baxter and Mr. Vandergriff (Dkt. No. 28).

**II.     Discussion**

The Court concludes that service was not effective on Lieutenant Baxter or Mr. Vandergriff. Because service was not effective on Lieutenant Baxter and Mr. Vandergriff, the Court denies without prejudice the motion for default judgment (Dkt. No. 28).

Per Federal Rule of Civil Procedure 4(e), an individual may be served in any of the following ways: (1) following the state laws for service where the individual is located; (2) delivering a copy of the summons and complaint to the individual personally; (3) by leaving a copy of the summons and complaint at the individual's usual place of abode; or (4) by delivering a copy of the summons and complaint to an authorized agent of the individual. Fed. R. Civ. P. 4(e). Per Arkansas Rule of Civil Procedure 4(d)(8)(A)(i), an individual may be served *via* certified mail in the following way:

> [B]y any form of mail addressed to the person to be served with a return receipt requested and *delivery restricted to the address or the agent of the addressee*. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations.

Ark. R. Civ. P. 4(d)(8)(A)(i) (emphasis added).

Lieutenant Baxter and Mr. Vandergriff are individuals. It appears that an individual named "Maggie Williams" received the summons that were issued for Lieutenant Baxter and Mr.

2

Vandergriff (Dkt. Nos. 25, 26). There is no proof that service was personally made on defendants. As the summons were delivered to St. Bernard's Hospital in Jonesboro, Arkansas, such service was not left at the defendant's "usual place of abode." While the "agent" box on the return receipts for Lieutenant Baxter and Mr. Vandergriff are marked and apparently were marked by Ms. Williams,[1] the "Certified Mail Restricted Delivery" boxes are *not* marked, and the task to mark those boxes falls to the United States Marshal (Dkt. Nos. 25, at 2; 26, at 2). The responsibility for effectuating service properly under the rules of procedure based upon information provided by plaintiff falls upon the Court and the United States Marshal under the circumstances. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (determining that an *in forma pauperis* plaintiff should not be penalized by the United States Marshal's failure to obtain proper service). Because Arkansas law requires that service by certified mail also be "delivery restricted to the addressee," the Court concludes that Lieutenant Baxter and Mr. Vandergriff were not properly served under the Federal Rules.

Further, the mail directed to separate defendant Mr. Ollo was returned unexecuted (Dkt. No. 27). Mr. Manohar is directed to provide to the Court in writing within 14 days from the entry of this Order confirmation that the Court has the correct address for Mr. Ollo or updated address and contact information for Mr. Ollo to permit the Court to ensure effective, proper service. *Lee*, 991 F.2d at 489 (determining that an *in forma pauperis* plaintiff is responsible for providing the United States Marshal with proper address for service of process on a defendant). If Mr. Manohar fails to do so, the Court may dismiss Mr. Manohar's claims against Mr. Ollo for failure to serve timely Mr. Ollo. Fed. R. Civ. P. 4

---

[1] There is no record evidence that Ms. Williams is an authorized agent to receive service on behalf of Lieutenant Baxter or Mr. Vandergriff.

### III. Conclusion

It is therefore ordered that:

1. Mr. Manohar's motion for default judgment is denied without prejudice (Dkt. No. 28).

2. The United States Marshal for the Eastern District of Arkansas is directed to serve the summons and complaint *via* **certified mail with a return receipt requested and delivery restricted to the addressees** defendants Lieutenant Baxter and Mr. Vandergriff. Should the United States Marshal have any questions or concerns about the terms of this Order, the United States Marshal is asked to confer directly with Court staff.

3. Mr. Manohar is directed to provide to the Court within 14 days from the entry of this Order confirmation of the address or updated address and contact information for Mr. Ollo to permit the Court to effectuate proper, timely service.

So ordered this the 14th day of February, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge