# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**LAKHRAJ MANOHAR**                                                                    **PLAINTIFF**

v.                               Case No. 3:16-cv-00076-KGB

**BAXTER,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Before the Court is plaintiff Lakhraj Manohar's motion for default judgment and demand for jury trial and motion to expedite (Dkt. Nos. 32, 33). For the reasons discussed below, the Court denies Mr. Manohar's motion for default judgment and demand for jury trial and his motion to expedite (Dkt. Nos. 32, 33).

### I. Background

This matter has been pending for some time, and it remains unresolved due to difficulties serving defendants. Mr. Manohar has not provided the address for defendants, though his complaint states that at least one defendant is located at "St. Bernard Hospital" which is located at the "corner of Carson and Matthews." (Dkt. No. 1, at 3). The summonses to defendants have therefore been sent to St. Bernard's Hospital in Jonesboro, Arkansas, which is located at 225 East Jackson Avenue, Jonesboro, AR 72401 (*see* Dkt. Nos. 17, 18, 19, 25, 26, 27, 30, 34).

The Court has previously denied Mr. Manohar's two separate motions for default judgment for failure to effect service upon defendants (Dkt. Nos. 23, 29). When denying Mr. Manohar's latest motion for default judgment, the Court held that defendants Lieutenant Baxter and Mr. Vandergriff have not been served with process by Mr. Manohar in accordance with Rule 4 of the Federal Rules of Civil Procedure (Dkt. No. 29, at 2). Since Mr. Manohar is proceeding *in forma pauperis*, the Court directed the Clerk's Office to prepare the summonses in this matter for

Lieutenant Baxter and Mr. Vandergriff and ordered the U.S. Marshal to serve the defendants in accordance with Rule 4 of the Federal Rule of Civil Procedure (*Id*., at 4). As to Mr. Ollo, the Court directed Mr. Manohar to provide to the Court, within 14 days of the entry of that Order, confirmation of the address or an updated address and contact information for Mr. Ollo (*Id*.).

The summonses to Lieutenant Baxter and Mr. Vandergriff have been returned unexecuted (Dkt. Nos. 30, 34). On April 30, 2019, Mr. Manohar filed an untimely notice in which he informed the Court that the addresses for defendants are correct (Dkt. No. 31). No one has entered an appearance on behalf of any of the defendants nor have any of the defendants filed answers.

## II. Motion For Default Judgment And Demand For Jury Trial

The Court denies Mr. Manohar's motion for default judgment and demand for jury trial (Dkt. No. 32). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Mr. Manohar has not demonstrated that the defendants have failed to plead or otherwise defend in this action because he provides no proof that the defendants were properly served with process.

Per Federal Rule of Civil Procedure 4(e), an individual may be served in any of the following ways: (1) following the state laws for service where the individual is located; (2) delivering a copy of the summons and complaint to the individual personally; (3) by leaving a copy of the summons and complaint at the individual's usual place of abode; or (4) by delivering a copy of the summons and complaint to an authorized agent of the individual. Fed. R. Civ. P. 4(e). Per Arkansas Rule of Civil Procedure 4(d)(8)(A)(i), an individual may be served *via* certified mail in the following way:

> [B]y any form of mail addressed to the person to be served with a return receipt requested and *delivery restricted to the address or the agent of the addressee*. The

2

addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations.

Ark. R. Civ. P. 4(d)(8)(A)(i) (emphasis added).

Mr. Manohar is not entitled to entry of a default judgment against Lieutenant Baxter, Mr. Vandergriff, or Mr. Ollo, as there is no proof that service was made on defendants. The defendants are individuals. Mr. Manohar offers no record evidence that any defendant was served in conformity with the Federal Rules of Civil Procedure or the Arkansas Rules of Civil Procedure. The summonses sent to Lieutenant Baxter and Mr. Vandergriff by certified mail with a return receipt and delivery restricted to the addressees were returned unexecuted (Dkt. Nos. 30, 34). There is no other evidence in the record indicating that defendants have been effectively served. For these reasons, the Court denies Mr. Manohar's motion for default judgment and demand for jury trial (Dkt. No. 32).

### III. Failure To Effect Service

For the reasons previously stated, it appears that none of the defendants have been properly served in this action. More than 90 days have passed since Mr. Manohar's complaint was filed. Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

At this time, the United States Marshal has twice tried to effect service upon Lieutenant Baxter and Mr. Vandergriff on behalf of Mr. Manohar; both attempts have been unsuccessful (*see* Dkt. Nos. 29, at 3; 30, 34). The United States Marshal's attempt to effect service upon Mr. Ollo was also unsuccessful (Dkt. No. 27). It is unclear to the Court if it has an incorrect address for "St.

Bernard's Hospital" or if defendants are no longer located at the address for St. Bernard's Hospital. In any event, it is clear to the Court that it either has incorrect or insufficient information for service upon defendants.

Dismissal of Mr. Manohar's complaint at this time would be improper, as the Court granted his application to proceed *in forma pauperis* and ordered the U.S. Marshal to serve the defendants. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) ("Because Mr. Wright was proceeding IFP, he was entitled to rely on service by the USMS."). However, Mr. Manohar's *in forma pauperis* status does not completely relieve him of any responsibilities under the Federal Rules of Civil Procedure. Mr. Manohar must take "reasonable steps to identity the defendant(s)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *see Moore v. Jackson*, 123 F.3d 1082, 1085–86 (8th Cir. 1997) ("So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause with the meaning of [Fed.R.Civ.P. 4(m) ].") (citation omitted).

Therefore, on its own motion, the Court directs Mr. Manohar, who is not incarcerated, to provide the Court within 45 days from the entry of this Order with addresses where Lieutenant Baxter, Mr. Vandergriff, and Mr. Ollo may be served in conformity with the Federal Rules of Civil Procedure. Mr. Manohar has up to and including 45 days from the entry of this Order to provide this information in writing to the Court or to seek in writing an extension of time to comply with the Court's Order. If Mr. Manohar does not comply with this Order, his action will be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or Local Rule 5.5 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, which provides that, "[i]f any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice."

## IV. Conclusion

The Court denies the motion for default judgment and demand for jury trial (Dkt. No. 32). The Court denies as moot the motion to expedite (Dkt. No. 34). The Court also orders Mr. Manohar to provide to the Court in writing within 45 days from the entry of this Order addresses where Lieutenant Baxter, Mr. Vandergriff, and Mr. Ollo may be served in conformity with the Federal Rules of Civil Procedure.

It is so ordered this the 15th day of May, 2019.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge