**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**LAKHRAJ MANOHAR**                                                                                          **PLAINTIFF**

v.                                    **Case No. 3:16-cv-00076-KGB**

**BAXTER,** *et al*.                                                                                                  **DEFENDANTS**

### ORDER

Before the Court is defendant Scott Baxter's motion to dismiss for failure to state a claim on which relief can be granted (Dkt. No. 47). Plaintiff Lakhraj Manohar filed a response and a supplemental response to the motion to dismiss (Dkt. Nos. 53, 72). For the following reasons, the Court grants Mr. Baxter's motion to dismiss (Dkt. No. 47).

### I.     Background

Mr. Manohar filed a *pro se* complaint under 42 U.S.C. § 1983 against Lieutenant Baxter of the Jonesboro Police Department and two other defendants, Mr. Vandergriff and Mr. Ollo (Dkt. No. 1). The Court dismissed Mr. Manohar's claims against defendants Mr. Vandergriff and Mr. Ollo without prejudice (Dkt. No. 44). Mr. Baxter is the sole remaining defendant in this case.

Mr. Manohar claims that on February 29, 2016, he went to St. Bernards Hospital to visit a sick friend (*Id*., at 3). Mr. Manohar alleges that he was in the hospital cafeteria when Mr. Ollo and Mr. Vandergriff told him that he could not be there unless he was visiting someone at the hospital. Mr. Manohar asserts that "they assumed I was loitering." (*Id*.). Mr. Manohar states that Mr. Ollo and Mr. Vandergriff then escorted him to the reception area of the hospital where Mr. Baxter came and "maliciously started harassing me in a manner and told me I'm loitering and demanded my ID." (*Id*., at 4). He asserts that Mr. Baxter called a squad car, and he was taken to Craighead County Jail (*Id*.). Mr. Manohar claims Mr. Baxter "acted bias [sic] and possibly stereotype [sic]

and racist and does not respect people's concerns and belief and therefore violated my First Amendment right [sic] and subjecting me to cruel and unusual punishment by abusing his powers or position of authority acting malicious and capricious having visitors of St. Bernard on edge when it comes to visiting family or friends." (*Id.*).  Mr. Manohar was later charged and convicted of loitering and obstruction of governmental operations in Craighead County District Court (Dkt. No. 47-1).

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999) (citing *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)).  "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Motion To Dismiss

#### A. Official Capacity Claims

Mr. Baxter moves to dismiss Mr. Manohar's complaint for failure to state a claim pursuant to Rule 12(b)(6) (Dkt. No. 47). He argues that Mr. Manohar did not specify that he was suing him in his individual capacity, so the Court should construe Mr. Manohar's complaint as suing him only in his official capacity (Dkt. No. 48, at 3-4). Mr. Baxter also argues that Mr. Manohar's suit against him in his official capacity should be dismissed because the suit is, in effect, a suit against the City of Jonesboro, Arkansas, and Mr. Manohar has not alleged sufficient facts to suggest that the City of Jonesboro is liable (*Id.*, at 4-5).

Mr. Manohar filed an untimely response to the motion to dismiss (Dkt. No. 53).[1] *See Local Rules of the Eastern and Western District of Arkansas*, Local Rule 7.2(b) (requiring any party opposing a motion to serve and file with the Clerk a concise statement in opposition to the motion within 14 days from the date of service of copies of the motion). In his response to the motion to dismiss, Mr. Manohar states that he intended to sue Mr. Baxter in his individual capacity (*Id.*, at 1). Mr. Manohar also states that he is not seeking monetary damages, but instead Mr. Manohar requests "that he [Mr. Baxter] resigns from the City of Jonesboro for unconstitutional custom or practice of stereotyping as Defendant acted bias and did not respect people's concern and belief, falsified charges of loitering and obstruction of governmental operations . . . " (*Id.*, at 1).

To the extent that Mr. Manohar is suing Mr. Baxter in his official capacity, Mr. Manohar seeks to impose liability on the municipality of Jonesboro. *See, e.g., Williams v. Little Rock Mun.*

---

[1] Mr. Baxter moved to strike Mr. Manohar's response as untimely (Dkt. No. 54). The Court dismissed as moot the motion when it granted Mr. Baxter's motion to dismiss for lack of prosecution (Dkt. No. 64). When the Court vacated its Order granting the motion to dismiss, it denied Mr. Baxter's motion to strike Mr. Manohar's response to the motion to dismiss (Dkt. No. 71).

*Water Works*, 21 F.3d 218 (8th Cir. 1994).  To impose liability upon a municipality under § 1983, a civil rights plaintiff must demonstrate that the conduct complained of is attributable to an unconstitutional official policy or custom.  *Polk County v. Dodson,* 454 U.S. 312, 326 (1981); *Monell v. Department of Social Servs. of the City of New York,* 436 U.S. 658, 694 (1978); *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999).  For municipal liability to attach, it is not enough for a § 1983 plaintiff to show that the municipality's agents or employees have violated or will violate the Constitution, for a municipality will not be held liable solely on a theory of *respondeat superior*.  *Monell,* 436 U.S. at 694.  Instead, the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. Further, in general, the existence of a municipal policy, custom, or practice cannot be inferred solely from the proof of a single unconstitutional incident.  *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability"); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 123) (1988) (explaining that an unconstitutional policy could be inferred from a single decision taken by the highest officials responsible for setting policy).

Mr. Manohar alleges in his response to the motion to dismiss that Mr. Baxter had a "custom or practice of stereotyping as defendant acted bias and did not respect people's concern and belief." (Dkt. No. 53, at 1).  Even construing Mr. Manohar's claim and all reasonable inferences in his favor, Mr. Manohar has not alleged facts showing that he suffered an injury caused by an unconstitutional policy or custom on the part of the City of Jonesboro.  *See Monell,* 436 U.S. at 690-91 (determining that a plaintiff seeking to impose § 1983 liability on local government body must show official policy or widespread custom or practice of unconstitutional conduct that caused deprivation of constitutional rights).  Mr. Manohar's allegations fail to point to a *municipal* custom

4

or practice, and the Court cannot construe such a custom or practice based on the facts alleged in the complaint. Accordingly, Mr. Manohar's claims against Mr. Baxter in his official capacity are dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6)

### B. Individual Capacity Claims

Mr. Manohar claims that Mr. Baxter violated the First Amendment because he "did not respect people's concerns and belief." (Dkt. No. 1, at 4). Mr. Manohar also asserts that Mr. Baxter "acted bias [sic]" and "possibly stereotype [sic] and racist." (*Id.*). Mr. Baxter contends that these claims lack any factual support and that the allegations alone do not state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 48, at 6). In his supplemental response to the motion to dismiss, Mr. Manohar claims that he "figured I was being stereotyped and targeted due to my name and skin color." (Dkt. No. 72, at 1). The Court has read Mr. Manohar's complaint liberally and construed all inferences in his favor, but it cannot find based on the facts alleged that Mr. Manohar has stated a First Amendment claim against Mr. Baxter. *See Twombly*, 550 U.S. at 555-556.

Mr. Manohar also alleges that Mr. Baxter subjected him to "cruel and unusual punishment by abusing his powers or position of authority acting malicious and capricious having visitors of St. Bernard on edge when it comes to visiting family and friends." (Dkt. Nos. 1, at 4; 48, at 6-7). Mr. Baxter contends that, to the extent Mr. Manohar is attempting to state an Eighth Amendment claim, the Eighth Amendment is inapplicable because Mr. Manohar had not been adjudicated guilty of an offense in order to trigger Eighth Amendment protections (Dkt. No. 48, at 6-7).

Even if being a pre-trial detainee placed Mr. Manohar outside the protections of the Eighth Amendment proscription against cruel and unusual punishment which applies only to convicted prisoners, the Fourteenth Amendment guarantees pre-trial detainees at least as many protections

as does the Eighth Amendment and extends to them as well protection from deprivations that are intended to punish. *Hott v. Hennepin Cty., Minnesota*, 260 F.3d 901, 905 (8th Cir. 2001) (citing *Bell v. Stigers,* 937 F.2d 1340, 1342 n. 4 (8th Cir. 1991); *Bell v. Wolfish,* 441 U.S. 520 (1979)). Consequently, Mr. Manohar may pursue a claim for conduct amounting to cruel and unusual punishment under the Due Process Clause of the Fourteenth Amendment. *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). To succeed on a claim under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must show, "the defendant official was deliberately indifferent to his rights." *Id*. (citing *Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006)).

Mr. Manohar's allegation that Mr. Baxter used his position of authority to cause him to be "on edge" at most alleges verbal abuse. Mr. Manohar's allegations that Mr. Baxter verbally harassed him during his arrest, even if true, do not state an actionable claim under § 1983. *See Doe v. Gooden,* 214 F.3d 952, 955 (8th Cir.2000) (yelling, screaming, name-calling, and other verbal abuse does not demonstrate a constitutional violation); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling usually are not actionable under § 1983) (citing *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)).

Mr. Baxter argues that, to the extent Mr. Manohar alleges that he was wrongfully arrested, that claim is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) (Dkt. No. 48, at 7). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court instructed:

> [W]hen a [] prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." *Id*. at 485 (internal citations omitted).

Mr. Manohar's false arrest claim against Mr. Baxter is barred by *Heck* because a finding that Mr. Manohar was falsely arrested would necessarily negate his convictions for loitering and obstruction of governmental operations and because nothing in Mr. Manohar's pleadings indicates that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question by a writ of *habeas corpus*.

### IV.     Conclusion

For these reasons, the Court grants defendant Scott Baxter's motion to dismiss based on Mr. Manohar's failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

So ordered this 13th day of October, 2020.

_____
Kristine G. Baker
United States District Judge